# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

JAMES E. GIDDENS,

      Plaintiff,

vs.

MESQUITE GAMING LLC, d/b/a
CASABLANCA RESORT,

     Defendant.

Case No. 2:17-cv-00922-GMN-VCF

**<u>ORDER AND REPORT &
RECOMMENDATION</u>**

APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(ECF NO. 1) AND COMPLAINT (ECF NO. 1-2)

  Before the Court are Plaintiff James E. Giddens's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-2). For the reasons stated below, Giddens's *in forma pauperis* application is granted. It is recommended that Giddens's complaint be dismissed without prejudice.

## I. Discussion

  Giddens's filings present two questions: (1) whether Giddens may proceed *in forma pauperis* under 28 U.S.C. § 1915(e), and (2) whether Giddens's complaint states a plausible claim for relief. Each is discussed below.

  **1. Giddens's May Proceed In Forma *Pauperis***

  Giddens's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Giddens submitted a financial affidavit. (ECF No. 1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the

presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Giddens's affidavit states that he is employed at 3G Productions. His gross bi-weekly pay is $1,800 and his take-home pay is $1,400. He has no money in the bank. His monthly expenses total $2,786 and consist of the following: (1) $1,300 (Mortgage); (2) $400 (Utilities); (3) $180 (Insurance); (4) $356 (Health Insurance); (5) $400 (Food); and (6) $150 (Signature Loan). His Application to Proceed *In Forma Pauperis* is granted.

## II. Legal Standard

Because the Court grants Giddens's application to proceed *in forma pauperis*, it must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The Court's review of Giddens's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain … a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

In his Complaint, Giddens asserts one cause of action under Title I of the American with Disabilities Act ("ADA").  (ECF No. 1-2 at 3).  Giddens claims that "[o]n or About June 20, 1996 [he] was discharged for his association with a person with a known disability."  *Id.* at 4.  This, according to Giddens, violated federal law, specifically, 42 U.S.C. § 12112(b)(4).  *Id.* at 3.

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability …"  42 U.S.C. § 12112(a).  The term "discrimination," as used under the ADA, is defined to include what courts have described as "associational discrimination" or "association discrimination."  In particular, the ADA prohibits employers from taking adverse employment action

"because of the known disability of an individual with whom the qualified individual is known to have a relationship or association [.]"  42 U.S.C. § 12112(b)(4).

To sustain an "association discrimination" claim under the ADA a plaintiff must allege sufficient facts in his or her complaint to show that (1) the plaintiff was "qualified" for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.  *See, e.g.*,  *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076 (10th Cir. 1997); *Tyndall v. Nat'l Educ. Ctrs. Inc.*, 31 F.3d 209 (4th Cir. 1994); *Oliveras–Sifre v. Puerto Rico Dept. of Health*, 214 F.3d 23, 26 (1st Cir. 2000).

Before commencing a lawsuit, however, a plaintiff must first file a timely charge of discrimination with the relevant state or federal agency.  *See* 42 U.S.C. § 12117(a) (applying the administrative enforcement procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, to ADA claims). A charge is timely if the plaintiff files with the Equal Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice.  *See* 42 U.S.C. § 2000e-5(e)(1).  But in a deferral state such as Nevada, the employee has 300 days from the date of the alleged unlawful employment practice to file a charge of discrimination.  *See Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(d)(1)); *see also Roberts v. Nevada ex. rel. Dep't of Conservation & Nat. Res., Div. of State Parks*, No. 3:05-CV-00459-RAM, 2008 WL 3925084, at *4 (D. Nev. Aug. 2008).

Once the agency dismisses the plaintiff's charge and issues a right-to-sue letter, the plaintiff then has 90 days to file a civil action in federal court.  *See* 42 U.S.C. § 2000e–5(f)(1).  A plaintiff may not file a suit under the ADA if he does not possess a right-to-sue letter.  *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e–5 apply to ADA claims).

Giddens's Complaint fails to state a claim upon which relief can be granted. The complaint does not allege sufficient facts upon which the Court could reasonably find that he is entitled to the relief he seeks. Indeed, the complaint states "On or About June 20, 1996 Plaintiff was discharged for his association with a person with a known disability"—that's it. Giddens fails to allege facts necessary to sustain an "association discrimination" claim under the ADA.

Even if Giddens were to allege sufficient facts in his Complaint, the Court finds that his claims would be time barred. Giddens alleges that he was discharged for his association with a person with a disability on June 20, 1996—over 20 years ago. Giddens does not indicate in his Complaint that he filed a complaint with the EEOC within 180 days of the June 1996 incident. Giddens therefore failed to comply with the applicable filing period. Therefore, the Court finds that his claims are time barred. *See Farris v. Shinseki*, 660 F.3d 557 (1st Cir. 2011).

Equitable tolling is available if, despite all due diligence, Giddens was unable to obtain vital information bearing on the existence of his claim. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582, 585, 90 L. Ed. 743 (1946). Giddens bears the burden of alleging in the complaint facts that give rise to tolling. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978)). The doctrine of equitable tolling will generally be available in an ADA suit only if the plaintiff demonstrates circumstances beyond his or her control that prevented filing or if a plaintiff exercised due diligence, yet could not have discovered all of the information needed to file a claim on time. The Court notes that a *pro se* plaintiff's ignorance of the law does not provide a sufficient basis for tolling. *See Uzoukwu v. Metropolitan Washington Council of Governments*, 983 F. Supp. 2d 67 (D.D.C. 2013); *see also Moses v. U.S. Steel Corp.*, 946 F. Supp. 2d 834, 85 Fed. R. Serv. 3d 1226 (N.D. Ind. 2013).

Giddens's Complaint alleges neither sufficient facts to sustain an "association discrimination" claim under the ADA nor that he filed a timely charge with an administrative agency or that there are circumstances entitling him to equitable tolling. Giddens's Complaint should be dismissed without prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Giddens's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint. (ECF No. 1-2).

IT IS FURTHER ORDERED that Giddens is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Giddens's claim against Mesquite Gaming LLC be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that if the Court adopts this Report and Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this Report and Recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED and RECOMMENDED.

DATED this 25th day of April, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE